**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Brian D. Hayslett,**
**Petitioner Below, Petitioner**

**vs.)  No. 21-0321** (Raleigh County 18-C-44-K)

**Donald Ames, Superintendent, Mt. Olive**
**Correctional Complex,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Brian D. Hayslett, by counsel Robert P. Dunlap II, appeals the order of the Circuit Court of Raleigh County, entered on March 22, 2021, denying his petition for a post-conviction writ of habeas corpus. Respondent State of West Virginia appears by counsel Patrick Morrisey and Lara K. Bissett.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

While serving a life sentence without the possibility of parole for the murder of Rhonda McCoy, *see State v. Hayslett*, No. 15-0933, 2017 WL 5153219 (W. Va. Nov. 7, 2017), Mr. Hayslett filed a petition for a writ of habeas corpus on his own behalf in the Circuit Court of Raleigh County. The circuit court appointed habeas counsel to assist Mr. Hayslett in 2019, and summarily denied his petition in April of 2020.

On appeal, Mr. Hayslett assigns error to six of the circuit court's rulings or actions. He argues the circuit court abused its discretion in failing to: 1) find that the trial court improperly excluded testimony, both expert and lay, concerning Mr. Hayslett's voluntary intoxication in the hours surrounding the murder of Ms. McCoy; 2) credit Mr. Hayslett's argument that his voluntary intoxication rendered him mentally incompetent when he murdered Ms. McCoy; 3) recognize that Mr. Hayslett's confession to Ms. McCoy's murder was involuntary; 4) find that Mr. Haylett's trial counsel was ineffective; 5) find error in the trial court's denial of Mr. Hayslett's requested jury instruction on voluntary intoxication, as well as its delivery of an instruction about felony murder;

1

and 6) find that Mr. Hayslett was prejudiced by cumulative error pervading his criminal trial. We review Mr. Hayslett's assignments of error according to the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

We find that most of Mr. Hayslett's assignments of error are waived because those arguments were either sufficiently addressed on direct appeal of his criminal conviction or could have been raised at that time but were not. "[T]here is a rebuttable presumption that petitioner intelligently and knowingly waived any contention or ground in fact or law relied on in support of his petition for habeas corpus which he could have advanced on direct appeal but which he failed to so advance." Syl. Pt. 1, in part, *Ford v. Coiner*, 156 W. Va. 362, 196 S.E.2d 91 (1972). Mr. Hayslett has offered no evidence to rebut this presumption. Though Mr. Hayslett's direct appeal of his criminal conviction was premised on a single assignment of error (that the circuit court failed to deliver a jury instruction explaining voluntary intoxication and its effect on mental capacity), that assignment of error necessarily encompassed the issues presented in this appeal concerning the effects of Mr. Hayslett's intoxication at the time of the murder. For this reason, we find that Mr. Hayslett's first, second, and fifth assignments of error address issues that were fully resolved by our memorandum decision in Mr. Hayslett's direct appeal.

In his third assignment of error, Mr. Hayslett argues that his confession to police officers on the morning of the murder was coerced because officers told him that if he failed to tell the truth, the questioning of his mother could place her in a position in which she may lie, thereby risking her own criminal culpability, to protect him. We likewise find this assignment of error waived, inasmuch as Mr. Hayslett was aware of the circumstances of his confession and arrest and could have raised this issue on direct appeal. We further note that Mr. Hayslett's allegation does not present circumstances that support a finding of coercion. As the habeas court explained, the trial court conducted a suppression hearing to determine the admissibility of Mr. Hayslett's statement and found that Mr. Hayslett received a *Miranda* warning and gave his statement voluntarily.[1] Furthermore, the habeas court explained that the only reference to Mr. Hayslett's mother's knowledge of the crime was a spontaneous statement given by Mr. Hayslett himself. Mr. Hayslett has presented no evidence contrary to the habeas court's finding.

In his fourth assignment of error, Mr. Hayslett refers to several allegations he made to the habeas court that, he argues, support a finding of ineffective assistance of counsel. However, the habeas court addressed each of these contentions. In response to Mr. Hayslett's claim that his trial counsel was deficient in failing to engage a toxicology expert, for example, the habeas court explained that there was no evidence that a toxicology report was prepared. In response to the claim that trial counsel failed to properly advise Mr. Hayslett about the possible ramifications of

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1996).

2

requesting a bifurcated trial, the habeas court noted that the trial transcript showed that the trial court judge explained the differences in a unitary and a bifurcated trial and allowed counsel and Mr. Hayslett time to privately discuss the possibility of presenting a motion to bifurcate the proceedings. Following this discussion, Mr. Hayslett's counsel advised that Mr. Hayslett would not request bifurcated proceedings. The circuit court further explained that certain occurrences that, according to Mr. Hayslett, might have diminished his trial counsel's credibility occurred outside the presence of the jury, and therefore did not inject prejudice into the proceedings. The habeas court addressed these and other concerns, and Mr. Hayslett has failed to show that the habeas court erred in its assessment. We find it apparent from the appendix record on appeal that Mr. Hayslett's counsel's performance was not objectively deficient in the manner that Mr. Hayslett suggests, and that there is no indication that his trial proceedings might have yielded a different outcome but for unprofessional errors of counsel. *See* Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). We thus find no merit in this assignment of error.

Finally, we address Mr. Hayslett's sixth assignment of error, in which he argues that he was prejudiced by cumulative error in his criminal prosecution. A conviction may be set aside where the cumulative effect of numerous errors affect a defendant's receipt of a fair trial, even though any one of such errors standing alone would be harmless. *State v. Knuckles*, 196 W.Va. 416, 425, 473 S.E.2d 131, 140 (1996). Having found no error in this case, we correspondingly find no need to apply the cumulative error doctrine.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 20, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment

3